**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cruz Young, ) | No. CV-08-01325-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Columbia Sussex Corp., doing business as ) the Phoenix Airport Marriot Hotel, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it plaintiff Cruz Young's motion for an award of attorney's fees (doc. 99), defendant Columbia Sussex Corp.'s response (doc. 116), and plaintiff's reply (doc. 119).

After a trial in January 2010, plaintiff obtained a $45,000.00 judgment against defendant on a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. As the prevailing party, plaintiff moves for an award of reasonable attorney's fees, which we may allow "as part of the costs." 42 U.S.C. § 2000e-5(k).

Plaintiff requests $85,820.00 in fees for 245.2 hours of work at $350 an hour. Defendant does not contest the reasonableness of the hourly rate. It does object to the time plaintiff's counsel spent meeting with two former defendant employees and plaintiff. First,

defendant contends that counsel violated Rule 4.2 of the Arizona Rules of Professional Conduct by communicating with a person "whose act or omission in connection with the matter may be imputed to the organization" for purposes of liability. Lang v. Superior Court, 170 Ariz. 602, 604-05, 826 P.2d 1228, 1230-31 (Ct. App. 1992); see also LRCiv 83.2(e) (incorporating the Arizona Rules of Professional Conduct). However, defendant fails to show that the employee's acts or omissions could have been imputed to it. Second, defendant asserts that the occurrence of several meetings is inconsistent with the testimony of another employee and plaintiff. But they testified a year and a half after the fact, and the record excerpts that defendant offers are inconclusive. We reject defendant's objections to counsel's meetings. Defendant's additional objections concerning the detail of billing records and time spent traveling and preparing exhibits are similarly unpersuasive.

Next, defendant contends that any award of attorney's fees should be adjusted because plaintiff's success was limited. We granted summary judgment in favor of defendant on retaliation claims under Title VII and 42 U.S.C. § 1981 (doc. 44), and the jury found in defendant's favor on a § 1981 hostile work environment claim. Taking the related nature of plaintiff's claims and her level of success into consideration, see Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003), we conclude that an adjustment is not warranted. See Cabrales v. Cnty. of Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991) ("[E]ven if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims.").

Finally, defendant asserts that plaintiff is not entitled to an award of attorney's fees that reflects costs incurred after defendant made an unaccepted offer of judgment because the judgment she obtained was not more favorable. See Rule 68(d), Fed. R. Civ. P. For purposes of an offer of judgment under Rule 68, Fed. R. Civ. P., the relevant costs include attorney's fees where, as here, the underlying statute defines attorney's fees "as a part of the costs." 42 U.S.C. § 2000e-5(k); Marek v. Chesny, 473 U.S. 1, 9, 105 S. Ct. 3012, 3016 (1985). On December 28, 2009, defendant offered plaintiff $100,001.00, inclusive of all damages, attorney's fees, and taxable costs (doc. 103). At that point, plaintiff had incurred

1  $57,050.00 in reasonable attorney's fees (163 hours at $350 an hour), and $3,414.40 in
2  taxable costs.[1] Because the comparable amount, around $105,500.00, is more than defendant
3  offered, Rule 68, Fed. R. Civ. P, does not affect plaintiff's entitlement to an award of
4  attorney's fees.

Accordingly, **IT IS ORDERED GRANTING** plaintiff's motion for an award of attorney's fees in the amount of $85,820.00 (doc. 99).

DATED this 23rd day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] This amount reflects $4,274.40 in costs taxed by the clerk, reduced by $860.00 in post-offer interpreter and service fees (doc. 107).